UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TAHRI SMITH,

        Petitioner,        Case No. 15-CV-14260
                                       Honorable Terrence G. Berg

v.

DUNCAN MACLAREN,[1]

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD HABEAS PETITION IN ABEYANCE (DKT. 10)**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner asks this Court to hold in abeyance his habeas petition so that he may return to state court to assert new claims. Because the current habeas petition contains only exhausted claims and because there is no pressing concern that the statute of limitations will run before Petitioner can exhaust his new claims in state court and return to federal court, Petitioner's motion is **DENIED**.

**I.   BACKGROUND**

Following a jury trial in the Wayne County Circuit Court Michigan, prisoner Tahri Smith ("Petitioner") was convicted of four crimes:

- First-degree murder under Mich. Comp. Laws § 750.316(1)(a);
- Assault with intent to commit murder under Mich. Comp. Laws § 750.83;
- First-degree home invasion under Mich. Comp. Laws § 750.110a; and
- Possession of a firearm during the commission of a felony under Mich. Comp. Laws § 750.227b.

---

[1] When Smith filed his petition, he was being held at the Saginaw Correctional Facility, where the Warden is Thomas Winn. Now Smith is being held in the Kinross Correctional Facility, where the Warden is Duncan MacLaren.

The convictions arise from an armed robbery in which Petitioner and three other men went to the apartment of Maria Zavala, demanded money, killed Zavala by shooting her in the head, held Zavala's neighbor Angela Lampkin at gunpoint because she could identify Petitioner, and then shot her, too (she survived). *See People v. Smith*, No. 318283, 2015 WL 728461, at *1 (Mich. Ct. App. Feb. 19, 2015). Petitioner was sentenced to life imprisonment without parole on the murder conviction, to 25 to 50 years' imprisonment on the assault conviction, to 10 to 20 years' imprisonment on the home invasion conviction, and to two years' imprisonment on the felony firearm conviction. *Id.*

Petitioner appealed to the Michigan Court of Appeals, arguing ineffective assistance of counsel for a number of reasons and violation of double jeopardy for a jury verdict finding him guilty of both premeditated murder and felony murder, and asking for an independent investigator to help him uncover exonerating evidence. The Michigan Court of Appeals affirmed Smith's conviction in an unpublished opinion. *See id.* Petitioner then sought leave to appeal to the Michigan Supreme Court on only the ineffective assistance of counsel claim, which was denied on September 29, 2015. *People v. Smith*, 869 N.W.2d 588 (Mich. 2015). Petitioner neither appealed to the Supreme Court of the United States nor sought collateral review in the state courts. Instead, he filed a petition for Writ of Habeas Corpus in this Court, dated November 23, 2015, asserting the same grounds for ineffective assistance of counsel as he did in the Michigan appellate courts. (Dkt. 1, p. 6).

2

Petitioner now seeks to return to the state courts to raise new claims for relief including his right to confront a Facebook representative who produced social media evidence, ineffective assistance of counsel for failing to investigate a *res gestae* witness and for failing to investigate cellphone records of the deceased, and ineffective assistance of appellate counsel for failing to raise these issues on direct appeal.

## II. DISCUSSION

### A. Standard of Review

A federal district court may not adjudicate a petition for a writ of habeas corpus, based on a state-court judgment that contains both exhausted and unexhausted claims ("mixed petitions") because the interests of comity and federalism dictate that the state courts must have the first opportunity to decide the petitioner's claims. *Rose v. Lundy*, 455 U.S. 509, 518-519 (1982). Instead, a prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For a Michigan prisoner to satisfy the exhaustion requirement, he must present each issue he seeks to raise in a federal habeas proceeding both to the Michigan Court of Appeals and to the Michigan Supreme Court. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

A prisoner in custody pursuant to a state-court judgment has one year to file a habeas petition in federal court, measured from the latest of:

- the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

- the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). For a petitioner who files a mixed petition, the interplay between the Supreme Court's holding in *Lundy* and the one-year statute of limitations creates the risk of forever losing the opportunity for federal review of unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). For example, if a district court dismisses the petition because it contained unexhausted claims, the one-year statute of limitations might bar a petitioner from returning to federal court after exhausting the previously unexhausted claims. *Id.* And, if a district court dismisses a mixed petition close to the end of the 1-year period, the chances are slim that a petitioner can exhaust his claims in state court and refile his petition in federal court before the limitations period runs. *Id.*

To avoid this problem, a federal court has the discretion to stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust the unexhausted claims. *Rhines*, 544 U.S. at 276. After the petitioner exhausts those claims, the federal court lifts the stay and allows the petitioner to proceed in federal court. *Id.* Stay and abeyance is available only in "limited circumstances" such as when

the one-year statute of limitations poses a concern or when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, has not engaged in intentionally dilatory litigation tactics, and shows that the unexhausted claims are not "plainly meritless." *See id.* at 277.

    *B. Analysis*

Petitioner fails to show the need for a stay and abeyance. Petitioner's current habeas petition is not a mixed petition; he raised the same claims of ineffective assistance of counsel in the Michigan Court of Appeals and the Michigan Supreme Court, and those claims are therefore considered exhausted. Prior to the Supreme Court's decision in *Rhines*, the Sixth Circuit noted that a court is not required "to order dismissal of a petition containing only exhausted claims because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas corpus proceedings." *Jones v. Parke*, 734 F.2d 1142, 1145 (6th Cir. 1984) (citations omitted). As other judges in this District have recognized, however, "*Rhines* adopts a flexible test" . . . "to prevent the complex exhaustion, procedural default, and statute of limitations rules applicable to habeas petitions from 'unreasonably impairing' the petitioner's right to obtain federal relief." *Stegall v. Rapelje*, 2011 U.S. Dist. LEXIS 57111, at *3 n.1 (E.D. Mich. 2011).

If Petitioner had little time left on the statute of limitations, this Court would apply the *Rhines* test to determine whether a stay and abeyance would be appropriate. But because the Court finds that Petitioner has the entire one-year

5

period remaining on his federal habeas limitations period, the Court will not invoke the *Rhines* test.

The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal: when "the time for filing a certiorari petition expires." *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). The Michigan Supreme Court denied leave to appeal on direct appeal on September 29, 2015, so the time for seeking a writ of certiorari from the Supreme Court of the United States in this case expired on December 28, 2015. Under 28 U.S.C. § 2244(d), then, the statute of limitations would have started to run on December 28, 2015. But Petitioner dated his federal habeas petition November 23, 2015, thus pre-empting the limitations period.

The statute of limitations is not statutorily tolled during the time this case pends in federal court. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). But a federal district court may equitably toll the statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720 (6th Cir. 2002). Here, the circumstances justify equitable tolling, so the Court will toll the statute of limitations from the time Petitioner filed his habeas petition to the date of this Order; Petitioner submitted his habeas petition in December of 2015, and should not see his limitations period shrunk because of this Court's busy docket and to no fault of his own. As the *Rhines* Court recognized, "a petitioner who files [his habeas petition] early will have no way of controlling when the district court will resolve the question of exhaustion." *Rhines*, 544 U.S. at 275. The same is true of when a district court will resolve the petition itself.

Thus, the full limitations period of one year is still available, and Petitioner has sufficient time to exhaust additional issues in the state courts and to return to federal court should he wish to do so. In other words, Petitioner may proceed in one of two ways. First, within 30 days of this Order, he may move for a non-prejudicial dismissal of his habeas petition and, if the Court grants that motion, he may return to state court, exhaust his new claims, and file in federal court a new habeas petition containing his current claims of ineffective assistance of counsel and any other new claims that he will have by then exhausted. Such a new habeas petition would not be barred as a "second or successive petition." *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1998). Or, second, Petitioner may go forward with his current habeas petition and only the claims contained in it.

### III. CONCLUSION

For the reasons stated above, Petitioner's motion is **DENIED**.

**SO ORDERED**.

Dated: October 11, 2016               s/Terrence G. Berg
                                      TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on October 11, 2016, using the CM/ECF system, which will send notification to all parties.

                                      s/A. Chubb
                                      Case Manager